UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No.: 1:19-CV-23507-DPG

JESSELYN AGUAYO,

     Plaintiff,

vs.

AMF BOWLING CENTERS, INC., d/b/a
BOWLMOR AMF CENTERS a Florida Profit
Corporation and STRIKE MIAMI, LLC d/b/a
BOWLERO-MIAMI, a Foreign Limited Liability
Company,

     Defendants.

_____/

## JOINT NOTICE OF SETTLEMENT

Defendants AMF BOWLING CENTERS, INC. ("AMF") and STRIKE MIAMI, LLC ("Strike") (collectively, "Defendants"), and Plaintiff JESSELYN AGUAYO, through their respective undersigned counsel, hereby gives notice that the parties have reached a full and final resolution of the claims asserted, and, as more fully described below, respectfully requests that the Court dismiss this action with prejudice with both parties to bear their own attorneys' fees and costs except as otherwise provided in their associated settlement agreement:

## BACKGROUND

1. The instant action was filed by Plaintiff, JESSELYN AGUAYO ("Plaintiff"), on June 16, 2019. *See* [D.E. 1] at Exhibits A and B.

2. The Complaint alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") for failure to pay minimum wages (Counts I and II) and failure to pay overtime wages

(Counts III and IV), as well as state law negligent retention claims based on the actions of a coworker (Counts V and VI) and gender discrimination claims under the Florida Civil Rights Act of 1992(, Fla. Stat. §§ 760.01 et seq. ("FCRA)(Counts VII and VIII).

3.      On July 19, 2019, Defendants removed the Complaint to Federal Court based on Supplemental, Federal Question , and Diversity Jurisdiction with Judge Ungaro drawing the judicial assignment. *See* Case No. 1:19-cv-23005-UU at D.E. 1. On July 31, 2019, the Court (via Judge Ungaro) *sua sponte* issued its Order on Supplemental Jurisdiction in which it accepted jurisdiction over only Plaintiff's FLSA claims under 28 U.S.C. § 1331 (Counts I though IV), but declined to accept supplemental jurisdiction of Counts V through VIII of the Complaint. *See* Case No. 1:19-cv-23005-UU at D.E. 5. Specifically, Counts I through IV seek recovery of alleged unpaid wages emanating from Plaintiff supposedly attending meetings and performing cleaning work without compensation. Compl. ¶¶16. The Court noted that, in Counts V and VI, Plaintiff alleges that Defendants negligently retained Plaintiff's coworker Christopher Gurdian, with whom Plaintiff had been in a relationship, and who had been physically violent toward Plaintiff. Compl. ¶¶ 20, 60–65. In Counts VII and VII, Plaintiff alleges, among other things, that male employees were given preferential treatment regarding scheduling and the type of work they were given. *See id*.

4.      Judge Ungaro's Order does not address whether Diversity Jurisdiction confers upon the Court an independent basis to exercise jurisdiction over the state-law claims. *Id*. Instead, the Court dismissed those claims without prejudice or otherwise addressing the issue. *Id*.

5.      On August 5, 2019, Plaintiff filed a Motion for Reconsideration requesting that the Court remand the state-law claims rather than dismiss them outright. *See* Case No. 1:19-cv-23005-UU at D.E. 7.

On August 13, 2019, Judge Ungaro granted Plaintiff's Motion and remanded the state-law claims. *See* Case No. 1:19-cv-23005-UU at D.E. 11, 12. In its Order, the Court once again did not address whether Diversity Jurisdiction confers the Court with jurisdiction over Plaintiff's state-law claims. *See* Case No. 1:19-cv-23005-UU D.E. 11. The Court's Order provides only that, because there was no common nucleus between the federal wage and hour claims and state-law claims, it would not exercise supplemental jurisdiction over the state-law claims. *See id.* It appears that the Court believed that Plaintiff's wage and hour claims should be litigated separately and apart from her state-law claims, thereby requiring the parties to litigate two-separate actions. *See id.*

6.      Defendants removed the state-law claims only to this Honorable Court based upon Diversity Jurisdiction on August 21, 2019.  *See* [D.E. 1].

7.      As a result, the parties are engaged in two separate lawsuits:  (1) the instant lawsuit pending before this Honorable Court in which Plaintiff's state-law claims are at issue; and (2) the lawsuit over which Judge Ungaro is presiding in which Plaintiff's federal claims are at issue.

8.      The parties have come to a global settlement as to the state-law claims pending before this Honorable Court and the FLSA claims pending before Judge Ungaro.  The Parties intend to contemporaneously notify Judge Ungaro of their settlement and seek from her Honor an Order approving the parties' settlement of Plaintiff's FLSA claims.

WHEREFORE, the parties' hereby give notice of their global settlement and respectfully request that the Court issue an Order dismissing the instant lawsuit, with both parties bearing their own attorneys' fees and costs except otherwise agreed upon in their associated settlement agreement, with the Court retaining jurisdiction to enforce the terms of the parties' settlement agreement.

Date:  October 17, 2019

Respectfully submitted,

/s/ Jonathan A. Beckerman, Esq.
Jonathan A. Beckerman, Esq.
Lewis Brisbois Bisgaard & Smith LLP
Counsel for Defendants, AMF Bowling Centers,
Inc. and Strike Miami, LLC

110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida  33301
Phone:  (954) 728-1280
Fax:      (954) 728-1282
ftlemaildesig@lewisbrisbois.com
jonathan.beckerman@lewisbrisbois.com

/s/ Peter M. Hoogerwoerd, Esq.
Peter M. Hoogerwoerd, Esq.
Nathaly Saavedra, Esq.
Erin L. Haney, Esq.
REMER & GEORGES-PIERRE,
PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Phone: (305) 416-5000
(305) 416-5005
pmh@rgpattorneys.com
ns@rgpattorneys.com
eh@rgpattorneys.com

4842-4396-9191.1

4